UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-127-R

**RODNEY STEWART**                                                            **PLAINTIFF**

**v.**

**MUNICIPALITY OF LOUISVILLE** *et al.*                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Rodney Stewart, filed this *pro se* action against the Municipality of Louisville, the Louisville-Metro Police Department, Officer Thomas Pugh, and eight unknown Metro police department officers. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the majority of Plaintiff's claims will be dismissed for failure to state a claim. However, the Court will allow Plaintiff's Fourth/Fourteenth Amendment claim related his June 2006 search and arrest to proceed for further development.

**I. STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt

that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF CLAIMS

Plaintiff alleges that on or about June 2006, eight members of the Louisville-Metro Police Department came to his apartment and pounded on his door. When Plaintiff refused to voluntarily answer the door, he alleges that the police broke down his door, searched his apartment, threatened to "taze" him, placed him into custody, and transferred him to the University of Louisville Hospital against his will. Plaintiff alleges that the officers did not have probable cause to search his apartment or to arrest him.

Plaintiff also alleges that in August 2006, he was involved in an automobile accident while driving a rental car. According to Plaintiff, after the accident, Officer Pugh arrested Plaintiff; charged him with having an invalid license, hit and run, and having no insurance; and then impounded Plaintiff's car. Plaintiff also alleges that Officer Pugh later charged Plaintiff with trespassing at the police station. According to Plaintiff all of the charges against him have been dismissed and that his arrest pursuant to those charges was wrongful.

Plaintiff also describes similar search and arrest incidents that occurred between 2002 and 2005.

Plaintiff seeks compensatory damages, punitive damages, and an order barring the Louisville-Metro Police Department from further harassing him.

Plaintiff has also amended his complaint to include claims against the Municipality of Louisville arising out of the traffic restrictions placed on parts of Broadway during Derby weekend. Plaintiff claims the restrictions violate his First Amendment right to assemble and must be stopped.

### III. ANALYSIS

**A.  Claims Related to 2006 Arrests and Searches**

**1.  The Louisville-Metro Police Department**

The Louisville-Metro Police Department is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). As such, the Court will dismiss Plaintiff's claims against the Louisville-Metro Police Department.

### 2. The Municipality of Louisville

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.*; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Nothing in the complaint demonstrates that his injuries occurred as a result of a policy or custom executed or endorsed by Louisville-Metro. Accordingly, the complaint fails to establish a basis of liability against the municipality and therefore fails to state a cognizable § 1983 claim relative to the 2006 searches and arrests.

### 3. Individual capacity claims against Defendant Pugh and the Unknown Defendants

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. The Court will allow Plaintiff's Fourth/Fourteenth Amendment claim as related to the 2006 searches and arrests to proceed for further development as against Officer Pugh and the Unknown Defendants in their individual capacities.[1] In doing so, the Court passes no judgment on the ultimate outcome of this claim.

### B. Claims related to Arrests and Searches in 2002-2005

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason

---

[1] Plaintiff is advised that the Court cannot order service of a complaint on defendants not actually named in the complaint. As soon as practicable and by utilizing the methods of discovery contained in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26-37 and 45, Plaintiff must identify the unnamed officers. Upon identification of those Defendants, Plaintiff must seek leave to amend the complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure. Should Plaintiff seek leave to amend, the Court will consider the parties' arguments and issue a decision in light of applicable law.

to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *See Jones v. Bock,* --U.S.--, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Having reviewed Plaintiff's complaint, the Court determines that his claims related to the 2002-2005 arrests and searches are time-barred. Plaintiff did not file this action until March 9, 2007. He was clearly on notice of the searches and arrests when they occurred. As such, Plaintiff waited too late to file suit on them.

**C.    Derby-Cruising Claims**

Plaintiff seeks a permanent injunction prohibiting Louisville-Metro from imposing regulations regarding traffic flow on Broadway during the Derby. Plaintiff claims the restrictions violate his First Amendment right to freely assemble.

Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. One component of the case-or-controversy requirement is standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "We have consistently held that a plaintiff raising only a generally available grievance about government -- claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large -- does not state an Article III case or controversy." *Id.* at 573-74. The United States Supreme Court has articulated the three elements necessary for standing as follows:

> First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural or hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be

>   "fairly traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely speculative, that the injury will be "redressed by a favorable decision."

*Id.* 560-61 (internal quotations omitted).  The Supreme Court further noted that the party invoking federal jurisdiction bears the burden of establishing these elements, and that each element must be supported with the manner and degree of evidence required at the successive stages of the litigation.  *Id.*

In support of his claims that the traffic restrictions have abridged his First Amendment rights, Plaintiff alleges only that:  "Metro Louisville has zeroed in on a particular part of the city and a particular race to impose hardship and curtail and make illegal what could be named as Freedom of Expression.  Metro Louisville has impose through paramilitary type power on its citizens; making a particular part of the city and its citizen feels like Louisville's bastard child."  Nowhere in his amended complaint, however, does Plaintiff allege that he attempted to, but was prevented from, assembling anywhere in the Broadway vicinity due to the traffic restrictions.  As such, Plaintiff has failed to allege that he suffered an injury-in-fact, and his claim must be dismissed for lack of standing.

The Court will enter Orders consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4413.008